WILLIAM B. LENT and ARTHUR C. MOYER, Appellants, *v.*
CHARLES MOYER, Respondent.

(County Court, Herkimer County, October, 1904.)

Justice of the Peace — His duty where a summons and verified complaint are filed and the plaintiff fails to appear on the return day and the defendant appears, but does not file a verified answer.

> Where a summons and verified complaint are filed in a justice's court and on the return day the plaintiff fails to appear, the justice, in default of the filing of a verified answer, should, although the defendant appears, enter judgment for the plaintiff against the defendant for the amount demanded in the complaint without further proof.

> It is improper for the justice, in such a case, to dismiss the action under subdivision 2 of section 3013 of the Code of Civil Procedure.

APPEAL by the plaintiffs from a judgment rendered against them in justice's court.

R. F. Lewis, for appellants.

Richard Hurley, for respondent.

DEVENDORF, J. This action arising on contract for money only was brought in justice's court. A written complaint fully alleging the facts constituting the cause of action and

specifying the amount due from defendant to plaintiffs was attached to the summons and served therewith personally upon defendant as provided for by chapter 414 of the Laws of 1881, as amended by chapter 472 of the Laws of 1889.

The summons and complaint were duly filed with the justice. At the return of the summons the defendant appeared in person but no appearance was entered on the part of plaintiffs; after waiting an hour, the defendant asked to have the complaint dismissed and his request was granted, and judgment of nonsuit entered with costs.

I think the justice made a mistake in dismissing the action. The plaintiffs had done all that the statute required them to do; there was no defect in the summons, complaint, verification or proof of service; at the return of the summons, the defendant appeared but failed to answer the complaint, hence he shall be deemed to have admitted the allegations of the complaint as true, and the summons and complaint having been filed, it then became the duty of the court to enter judgment for the plaintiffs and against the defendant for the amount demanded in the complaint without further proof. The action was dismissed by the justice as he states in pursuance of the provisions of subdivision 2 of section 3013 of the Code of Civil Procedure which provides that judgment of nonsuit must be rendered against the plaintiff if he fails to appear within one hour after the summons is returnable. I do not think that the provisions of that section apply where the summons is accompanied by a verified complaint, and the defendant fails to file a verified answer as prescribed by said statute. An appearance on the part of the plaintiffs would not have changed the situation unless the defendant filed an answer, and had the defendant done so in this case, he then perhaps would have been in a position to have properly asked for a judgment of nonsuit if the plaintiffs still failed to appear.

I have come to the conclusion that the judgment appealed from herein should be reversed, and judgment is ordered accordingly reversing the same, with costs.

Judgment reversed, with costs.